Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| JOSÉ MIGUEL ROSADO RODRÍGUEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES; CABO ROJO LAND ACQUISITION, LLC<br><br>Recurridos | TA2025RA00207 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Recursos Naturales y Ambientales de Puerto Rico<br><br>Querella número: 25-130-AG<br><br>Sobre: Impugnación de Deslinde del Límite Interior Tierra Adentro de la Zona Marítimo-Terrestre |
|---|---|---|

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 10 de octubre de 2025.

Comparece ante nos la parte recurrente, José M. Rosado Rodríguez, mediante revisión judicial y solicita que revoquemos la determinación emitida por el Departamento de Recursos Naturales y Ambientales el 17 de junio de 2025, notificada el 23 del mismo mes y año. Mediante el referido dictamen, la agencia declaró No Ha Lugar la acción incoada por la parte recurrente.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción por notificación defectuosa.

## I

El 3 de febrero de 2025, Cabo Rojo Land Acquisition, LLC (Land Acquisition o recurrido), a través del agrimensor Carlos M. Lebrón Cabrera (Lebrón Cabrera) solicitó la certificación de colindancia con los bienes de dominio público marítimo terrestre sobre el proyecto Esencia, localizada en el barrio Boquerón de Cabo

Rojo.[1] Indicó que el predio en cuestión estaba compuesto por veinticuatro (24) propiedades.

Luego de varios trámites procesales, el 12 de mayo de 2025, el Departamento de Recursos Naturales y Ambientales (DRNA) le envió una misiva al agrimensor Lebrón Cabrera, mediante la cual determinó el límite tierra adentro de la zona marítimo terrestre y de los bienes de dominio público marítimo terrestre, utilizando el criterio de la pleamar máxima con énfasis en los indicadores geomorfológicos y topográficos conforme el plano de deslinde presentado.[2] En particular, señaló que los puntos del 1 al 117 en orden ascendente definían el límite tierra adentro de la zona marítimo terrestre y de los bienes de dominio público marítimo terrestre. Añadió que los puntos del 119 al 234, en orden ascendente, y el punto número 118 definían el límite de la faja de salvamento de veinte (20) metros de ancho, medidos de forma paralela desde el límite tierra adentro de la zona marítimo terrestre. Por otro lado, la agencia apercibió que:

> [P]or virtud de la Ley Núm. 38 de 30 de junio de 2017, según enmendada, toda persona adversamente afectada por la otorgación, denegatoria o revocación de una licencia, franquicia, permiso, endoso, autorización, o gestión similar, tendrá dentro de un término de 20 días contados a partir de la notificación, derecho a solicitar la impugnación de la determinación por medio de un procedimiento de [v]ista [a]djud[i]cativa o de instar el recurso de revisión en el [T]ribunal de Apelaciones de ser aplicable. El proceso de impugnación se iniciará con la presentación de un escrito a tales efectos en la Oficina de Secretaría del Departamento o dirigido al Secretario, y el cual se regirá por la Ley Núm. 38, supra, por las disposiciones aplicables del Reglamento de Procedimientos Adjudicativos del DRNA.

El mismo día, el agrimensor Lebrón Cabrera envió una misiva a los colindantes concernientes intitulada *Aviso de Culminación de Deslinde Zona Marítimo Terrestre*.[3] En lo pertinente, la carta indicaba que "[l]a ciudadanía tiene treinta (30) días para ofrecer

---

[1] Anejo I-B del Expediente Administrativo, págs. 22-29.
[2] Anejo I-A del Expediente Administrativo, págs. 46-47.
[3] Apéndice 8 de la Entrada Núm. 1 del Caso Núm. TA2025RA00207 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

información, emitir comentarios o presentar una acción para cuestionar el deslinde ante el [DRNA], esto es hasta el 14 de junio de 2025".

Cabe destacar que el aviso de deslinde de la zona marítimo terrestre y de los bienes de dominio público marítimo terrestre en cuestión se publicó en la página web del DRNA.[4] En lo aquí atinente, dicha publicación expresaba que la fecha límite para que la ciudadanía sometiera comentarios era treinta (30) días hasta el 12 de junio de 2025.

En desacuerdo con la certificación del deslinde, el 12 de junio de 2025, José M. Rosado Rodríguez (Rosado Rodríguez o recurrente) incoó una *Impugnación de Deslinde de Zona Marítimo Terrestre*.[5] En síntesis, sostuvo que la solicitud para la certificación del deslinde presentada por Land Acquisition nunca fue completada, por lo que incumplió con los requisitos para ser considerada. En consecuencia, solicitó que el deslinde en controversia se declarara *nulo ab initio*.

Examinada la acción, el 17 de junio de 2025, notificada el 23 del mismo mes y año, el DRNA emitió la *Resolución* que nos ocupa, mediante la cual declaró No Ha Lugar la impugnación.[6] Indicó que Rosado Rodríguez tenía veinte (20) días para solicitar la reconsideración del deslinde ante la agencia; sin embargo, este sometió su impugnación pasados treinta y un (31) días. En virtud de ello, determinó que estaba impedido de entrar a considerar los méritos de la acción instada por Rosado Rodríguez.

Insatisfecho, el 14 de julio de 2025, Rosado Rodríguez presentó una *Moción de Reconsideración*.[7] En esencia, argumentó que el inciso (G) del Artículo 3.1 del Reglamento para el Aprovechamiento, Vigilancia, Conservación y Administración de las

---

[4] Anejo I-A del Expediente Administrativo, pág. 54.
[5] Íd., págs. 32-45.
[6] Íd., págs. 48-50.
[7] Íd., págs. 55-59.

Aguas Territoriales, los Terrenos Sumergidos Bajo Estas y la Zona Marítimo Terrestre, Reglamento Núm. 4860 de 30 de diciembre de 1992, según enmendado (Reglamento Núm. 4860), disponía que la notificación de la certificación del deslinde se realizaría por la parte peticionaria de este mediante correo certificado con acuse de recibo y se publicaría en el portal electrónico del DRNA. Según adujo, en dicha notificación se indicaría, entre otras cosas, el término que tendría la ciudadanía para ofrecer información, emitir comentarios o presentar una acción para cuestionar el deslinde ante la mencionada agencia. Alegó que en ambas notificaciones se indicó que la ciudadanía tenía treinta (30) días para impugnar la certificación del deslinde. Planteó que el Reglamento Núm. 4860, *supra*, no establecía un término específico para impugnar un deslinde, toda vez que las certificaciones de esta índole no constituían determinaciones finales, por lo que podían ser impugnadas en cualquier momento. Sostuvo que había presentado su impugnación dentro el término notificado por Land Acquisition vía carta y el notificado por el DRNA en su portal electrónico, por lo que la acción era revisable. En la alternativa, alegó que las referidas notificaciones eran defectuosas por incumplir con el citado artículo del Reglamento Núm. 4860, *supra*, y el debido proceso de ley, por lo que procedía declarar el deslinde *nulo ab initio*.

Transcurrido el término estatuido para ello, el DRNA no consideró la solicitud de reconsideración presentada por Rosado Rodríguez.

Inconforme con la determinación de la agencia, el 28 de agosto de 2025, la parte recurrente compareció ante nos y realizó los siguientes señalamientos de error:

> ERRÓ EL DRNA AL DECLARAR NO HA LUGAR LA IMPUGNACIÓN DEL DESLINDE DE ZONA MARÍTIMO TERRESTRE CONCLUYENDO QUE DICHO RECURSO FUE PRESENTADO FUERA DEL TÉRMINO ESTABLECIDO POR LEY.

ERRÓ EL DRNA AL NO DECLARAR *NULO AB INITIO* EL DESLINDE DE ZONA MARÍTIMO TERRESTRE CONCLUYENDO QUE LA NOTIFICACIÓN DE LA CERTIFICACIÓN DEL DESLINDE A LOS PROPIETARIOS COLINDANTES CUMPLIÓ CON EL DEBIDO PROCESO DE LEY Y EL ART. ART. *[SIC]* 3.1(G) DEL REGLAMENTO [NÚM.]4860 DEL DRNA.

En cumplimiento con nuestra *Resolución* del 8 de septiembre de 2025, la parte recurrida compareció mediante *Alegato en Oposición* el 8 de octubre del año corriente. Por su parte, el DRNA compareció en la misma fecha.

Con el beneficio de la comparecencia de las partes, así como con la copia certificada del expediente administrativo, nos disponemos a resolver el recurso que nos ocupa.

**II**

**A**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Greene y otros v. Biase y otros*, 2025 TSPR 83, resuelto el 21 de agosto de 2025; *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685 (2024); *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Pueblo v. Torres Medina,* 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la

nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Greene y otros v. Biase y otros*, supra; *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, resuelto el 21 de junio de 2024; *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.*; *Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, supra.

**B**

El Artículo VI, Sección 19 de la Constitución del Estado Libre Asociado de Puerto Rico establece que "[s]erá política pública del Estado Libre Asociado la más eficaz conservación de sus recursos naturales, así como el mayor desarrollo y aprovechamiento de los mismos para el beneficio general de la comunidad...". Art. IV, sec. 19, Const. PR, LPRA, Tomo I. Por eso, cualquier actuación del Estado que incida sobre los recursos naturales, debe responder cabalmente a ese doble mandato constitucional. *Misión Industrial v. Junta de Calidad Ambiental*, 145 DPR 908, 919-920 (1998). Con el objetivo de implementar dicho precepto, la Asamblea Legislativa aprobó la *Ley Orgánica a del Departamento de Recursos Naturales y*

*Ambientales*, Ley Núm. 23 de 20 de junio de 1972, según enmendada, 3 LPRA sec. 151 *et seq.* (Ley Núm. 23-1972), mediante la cual creó y designó al Departamento de Recursos Naturales y Ambientales (DRNA) como la agencia responsable de implementar la política pública con relación a la protección, conservación y preservación de los recursos naturales para el beneficio del Pueblo de Puerto Rico.

Entre los poderes y facultades del Secretario del DRNA, el inciso (h) del Artículo 5 de la precitada ley, 3 LPRA sec. 155, dispone que este deberá:

> Ejercer la vigilancia y conservación de las aguas territoriales, los terrenos sumergidos bajo ellas y la zona marítimo-terrestre, conceder franquicias, permisos y licencias de carácter público para su uso y aprovechamiento y establecer mediante reglamento los derechos a pagarse por los mismos. […].

Posteriormente, el DRNA promulgó el Reglamento para el Aprovechamiento, Vigilancia, Conservación y Administración de las Aguas Territoriales, los Terrenos Sumergidos Bajo Estas y la Zona Marítimo Terrestre de Puerto Rico, Reglamento Núm. 4860 de 29 de diciembre de 1992 (Reglamento Núm. 4860). Este tiene como objetivo "establecer criterios y mecanismos para la delimitación, vigilancia, conservación y saneamiento de la zona marítimo-terrestre, las aguas territoriales y los terrenos sumergidos bajo ellas", así como "establecer los criterios y mecanismos para la otorgación de autorizaciones y concesiones para el uso y aprovechamiento del área antes indicado". Art. 1.3 del Reglamento Núm. 4860, *supra.*

El Reglamento Núm. 4860, *supra*, por su parte, reconoce que el DRNA será la agencia con facultad para delimitar la zona marítimo terrestre, ordenando el deslinde correspondiente de forma discrecional o a petición de persona interesada. Art. 3, Sec. 3.1(A), Reglamento Núm. 4860, *supra.* El deslinde tendrá que ser

certificado como correcto por el Secretario del DRNA y la parte peticionaria tendrá la obligación de notificar mediante carta certificada a los colindantes sobre el inicio del proceso de mensura, deber que también tendrá que cumplir el Secretario del DRNA en caso de efectuar el deslinde de oficio. Art. 3, Sec. 3.1(B), Reglamento Núm. 4860, *supra*.

Una vez el Secretario del DRNA certifique el deslinde, **la parte peticionaria**; y en el caso de deslindes incoados de oficio, el DRNA, **notificará dicho hecho a las personas propietarias colindantes** y al Municipio donde está ubicado el predio. **La notificación se hará mediante correo certificado con acuse de recibo y en el portal electrónico del DRNA, en el cual se indicará** el área que se midió, el propósito del deslinde, cualquier otra información que ayude a identificar la obra propuesta, si alguna y **el término que tiene la ciudadanía para ofrecer información, emitir comentarios o presentar una acción para cuestionar el deslinde ante el DRNA**. Art. 3, Sec. 3.1(G), Reglamento Núm. 4860, *supra*.

### C

Sabido es que la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq*. (LPAU), regula lo concerniente a la revisión judicial de las órdenes o resoluciones finales de los organismos administrativos. El Tribunal Supremo de Puerto Rico ha expresado que el derecho a cuestionar dichas determinaciones es parte del debido proceso de ley cobijado por nuestra Constitución. *ACT v. Prosol et als.*, 210 DPR 897 (2022); *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014), citando a *Picorelli López v. Depto. de Hacienda*, 179 DPR 720, 736 (2010).

Conforme a lo anterior, una parte adversamente afectada por una orden o resolución final de una agencia, que haya agotado todos los remedios provistos por la agencia o por el organismo

administrativo apelativo correspondiente, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones. Sección 4.2 de la LPAU, 3 LPRA sec. 9672; *Miranda Corrada v. DDEC et al.*, 211 DPR 738 (2023).

Según la Sección 4.2 de la LPAU, *supra*, el término jurisdiccional para acudir al foro apelativo mediante revisión judicial es de treinta (30) días. *Tricoche Matos y otra v. Luis Freire Div. of K.M.A. Associates of PR, Inc.*, 2025 TSPR 92, resuelto el 1 de octubre de 2025. Dicho término comienza a transcurrir a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o desde que se interrumpa ese término mediante la presentación oportuna de una moción de reconsideración ante la agencia dentro del término jurisdiccional de veinte (20) días. *Íd.*

Por otro lado, la Sección 3.15 de la LPAU, 3 LPRA sec. 9655, provee para que se pueda solicitar la reconsideración de la determinación ante la agencia administrativa. *Íd.* En específico, dicho articulado establece lo siguiente:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho

> término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.
>
> Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envío por medio electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda. *Íd.*

Sobre ese particular, recientemente nuestro Tribunal Supremo expresó en *ACT v. Prosol et als.*, 210 DPR 897 (2022), que las agencias administrativas no están facultadas para, mediante determinación administrativa, variar unilateralmente el término jurisdiccional de veinte (20) días con el que cuenta una parte adversamente afectada para radicar una moción de reconsideración ante la propia agencia. Ello, con excepción de que tal determinación esté respaldada por una declaración oficial del Gobernador de Puerto Rico quien posee la facultad de ordenar la concesión de un día de fiesta a todos los empleados, empleadas y agencias de la Rama Ejecutiva. *ACT v. Prosol et als.*, supra.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte recurrente plantea en su primer señalamiento de error que el DRNA incidió al declarar No Ha Lugar la impugnación del deslinde de zona marítimo terrestre, bajo el fundamento de que el recurso fue presentado fuera del término establecido por ley. Como segundo señalamiento de error, sostiene que la agencia recurrida erró al no declarar *nulo ab initio* el deslinde de zona marítimo terrestre, pues concluyó que la notificación de la certificación del deslinde a los colindantes cumplió con el debido proceso de ley, así como el Artículo 3.1(G) del Reglamento Núm. 4860, *supra.*

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank*, supra. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd.* Cónsono con lo anterior, por tratarse de un asunto de índole jurisdiccional, procedemos a evaluar si la certificación del deslinde emitida por el DRNA el 12 de mayo de 2025 fue notificada adecuadamente. Veamos.

Según reseñáramos, surge del Reglamento Núm. 4860, *supra*, que, una vez el Secretario del DRNA certifique el deslinde, la parte peticionaria es quien notificará dicho hecho a las personas propietarias colindantes, mediante correo certificado con acuse de recibo. Asimismo, dicha notificación se publicará en el portal electrónico del DRNA, en el cual se indicará, entre otras cosas, el término que tiene la ciudadanía para ofrecer información, emitir comentarios o presentar una acción para cuestionar el deslinde ante la mencionada agencia. De una revisión del precitado reglamento y de la Ley Núm. 23-1972, *supra*, no surge cuál es el término específico para emitir dichas expresiones; específicamente, no hay un término normativo para instar una impugnación de deslinde de zona marítimo terrestre.

Ante tal silencio normativo, acudimos de forma supletoria a lo contemplado en la LPAU. En particular, la Sección 3.15 de la LPAU, *supra*, dispone que la parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. Por otro lado, según la Sección 4.2 de la LPAU, *supra*, el término jurisdiccional para acudir al foro apelativo mediante revisión judicial es de treinta (30) días. Dicho término

comienza a transcurrir a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o desde que se interrumpa ese término mediante la presentación oportuna de una moción de reconsideración ante la agencia.

El 12 de mayo de 2025, el DRNA le envió una misiva al agrimensor Lebrón Cabrera, parte peticionaria del deslinde, mediante la cual determinó el límite tierra adentro de la zona marítimo terrestre y de los bienes de dominio público marítimo terrestre. En lo atinente a la controversia ante nos, la agencia apercibió que

> [P]or virtud de la Ley Núm. 38 de 30 de junio de 2017, según enmendada, toda persona adversamente afectada por la otorgación, denegatoria o revocación de una licencia, franquicia, permiso, endoso, autorización, o gestión similar, **tendrá dentro de un término de 20 días contados a partir de la notificación, derecho a solicitar la impugnación de la determinación por medio de un procedimiento de [v]ista [a]djud[i]cativa o de instar el recurso de revisión en el [T]ribunal de Apelaciones de ser aplicable**. [...]. (Énfasis nuestro).

Al revisar el apercibimiento anterior, notamos que, si bien la DRNA informó correctamente que la parte adversamente afectada por la certificación del deslinde tendría veinte (20) días para impugnar la decisión (en otras palabras, solicitar la reconsideración), no especificó el término jurisdiccional de treinta (30) días para acudir ante el Tribunal de Apelaciones en revisión judicial, según provee la Sección 4.2 de la LPAU, *supra.* Ante tal escenario, los términos jurisdiccionales no comenzaron a transcurrir, pues la notificación fue defectuosa.

Por otro lado, es importante resaltar que la notificación de dicha determinación a los colindantes concernientes, llevada a cabo por el agrimensor Lebrón Cabrera mediante misiva intitulada *Aviso de Culminación de Deslinde Zona Marítimo Terrestre,* así como la publicación de ello en la página web del DRNA, también fueron defectuosas. En ambas notificaciones, indicaban que el término

para presentar alguna acción de impugnación o comentarios era de treinta (30) días. Según notificó el agrimensor Lebrón Cabrera, dicho término era vencedero el 12 de junio de 2025; es decir, treinta y un (31) días después de notificada la determinación del DRNA. Por su parte, la notificación plasmada en la página web del referido organismo administrativo decía que el mencionado término vencía el 14 de junio del año corriente; en otras palabras, treinta y tres (33) días desde la notificación de la *Resolución* que dio génesis al presente recurso. En conclusión, todas las notificaciones carecen de efectividad.

En mérito de lo anterior, resolvemos que el DRNA incumplió con los requisitos jurisdiccionales estatuidos para imprimir eficacia a su quehacer. La notificación de su determinación sobre el deslinde en cuestión es una defectuosa e inadecuada. Siendo así, la deficiencia resuelta redunda en suprimir nuestra jurisdicción, hasta tanto se cuente con una notificación adecuada y conforme a la ley. Consecuentemente, el DRNA debe subsanar los defectos de la *Resolución* emitida el 12 de mayo de 2025 para que comiencen a transcurrir los términos de ley disponibles para que la parte recurrente, de entenderlo necesario, solicite la impugnación del deslinde ante la mencionada agencia o la revisión judicial ante nos.

**IV**

Por los fundamentos que anteceden, desestimamos el presente recurso por falta de jurisdicción por notificación defectuosa.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones